WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Department of Justice
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. (212) 510-0500
By:    Michael T. Driscoll, Esq.
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| 3920 BWY, REST. INC., | : | Case No. 15-10847 (SHL) |
| | : | |
| Debtor. | : | |
| | : | |

---------------------------------------------------X

## MOTION FOR AN ORDER (I) TO CONVERT
## THIS CHAPTER 11 CASE TO A CHAPTER 7 CASE OR,
## IN THE ALTERNATIVE, (II) TO DISMISS THIS CHAPTER 11 CASE

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

     William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and

(5), does hereby move this Court (the "Motion") pursuant to section 1112(b) of the Bankruptcy

Code for entry of an order (i) converting this chapter 11 case to a case under chapter 7, or, in the

alternative, (ii) dismissing this chapter 11 case.  In support of the Motion, the United States

Trustee respectfully alleges as follows:

### I.  PRELIMINARY STATEMENT

     The United States Trustee moves to convert or dismiss this chapter 11 case for two

reasons.  First, 3920 Bwy, Rest. Inc. (the "Debtor") is a corporation that has not retained counsel.

Second, the Debtor has failed to file schedules, statements, and other documents required of all

chapter 11 debtors.  Therefore, the Court should convert this case to one under chapter 7 of the

Bankruptcy Code or, in the alternative, dismiss this case.

## II.  FACTUAL BACKGROUD

A.    **General Background**

1.        On April 3, 2015, the Debtor filed a <u>pro se</u> petition for relief under chapter 11 of

the Bankruptcy Code (the "Petition").  ECF Doc. No. 1.

2.        The Petition was executed by Manuel Hernandez, the president of the Debtor.  <u>Id</u>.

3.        According to Page 1 of the Petition, the Debtor is a corporation.  ECF Doc. No. 1.

Further, Page 1 indicates that the Debtor is a "small business debtor" as defined by section

101(51D).  <u>Id</u>.

4.        Attached to the Petition were the following documents: (i) a Local Bankruptcy

Rule 1007-2 Affidavit (the "1007-2 Affidavit"); (ii) a Corporate Resolution; and (iii) a list of

creditors.  ECF Doc. No. 1.

5.        According to the 1007-2 Affidavit, the "Debtor was formed to acquire, own, and

manage a Peruvian food restaurant."  <u>Id</u>.  Further, the Debtor filed for bankruptcy protection for

the following reasons:

> The unfavorable market conditions and the economic downturn of 2008
> continued to prove detrimental to Debtor, as it continued to experience
> reduced revenues, which caused a dramatic decline in Debtor's cash flow.
> That, in tum, prevented Debtor from paying its taxes, both New York State
> sales and Internal Revenue and State payroll taxes, as Debtor had to utilize
> funds to pay regular operating expenses to keep the business going, until such
> time as the recession economic conditions improved. Debtor had borrowed
> $355,000.00 from Hospitality Investor Partners Corp. to purchase new
> equipment and undertake leasehold improvements.

<u>Id</u>.

2

6.      According to the list of creditors attached to the Petition, the Debtor owes the

following debts:

- $100,000 to the New York State Commission;

- $35,000 to the Internal Revenue Service; and

- $355,000 to the Hospitality Investor Partners Corp.

Id.

7.      To date, the Debtor has failed to file the following required documents: Summary

of Schedules; Schedules A-H; Statement of Financial Affairs; Statement of Operations; a list of

Largest Unsecured Creditors; Balance Sheet; Cash Flow Statement; a List of Equity Holders;

federal tax returns; and a corporate ownership statement.

8.      To date, no legal counsel for the Debtor has filed a Notice of Appearance in the

case.

## III.  DISCUSSION

**A.      The Governing Law**

As amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327

(Dec. 22, 2010), section 1112(b)(1) of the Bankruptcy Code states, in pertinent part:

> the court shall convert a case under this chapter to a case under chapter 7 or
> dismiss a case under this chapter, whichever is in the best interests of creditors
> and the estate, for cause unless the court determines that the appointment under
> section 1104(a) of a trustee or an examiner is in the best interests of creditors and
> the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for

dismissal.  In re FRGR Managing Member, LLC, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).

The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors.

3

Id.; see also In re Gucci, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that the Bankruptcy

Court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. §

1112(b)(1)–(10) for finding cause.").  The burden of demonstrating such cause rests with the

moving party.  In re BHS & B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); In re

Ameribuild Const. Mgmt., Inc., 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

**B.    The Debtor Has Failed to Retain Counsel**

A corporation, or other artificial entity, may appear in the federal courts only through

licensed counsel.  Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993); see also

Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (noting that a

corporation involved in a legal proceeding must be represented by counsel); In re BSL Operating

Corp., 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986) (noting that the pro se filing of a Chapter 11

petition by a corporation is impermissible); Fed. R. Bankr. P. 9010, Advisory Committee Note

(stating that the rule does not purport to change prior holdings prohibiting a corporation from

appearing pro se, (citing In re Las Colinas Development Corp., 585 F.2d 7 (1st Cir. 1978)).

In the present matter, the Debtor failed to retain counsel.  In addition to the legal

authority cited above, as a practical matter, the Court should not permit the Debtor to remain in

chapter 11 without retaining counsel.  Given the significant reporting and disclosure

requirements of a small business chapter 11 debtor, it is unlikely that the Debtor, without legal

counsel, could effectively and efficiently confirm a chapter 11 plan that maximizes the value to

creditors.  For these reasons, the United States Trustee believes that it is in the best interests of

creditors to covert the case to chapter 7 or, in the alternative, to dismiss this case.

**C.    The Debtor Has Failed to File Schedules, Statements, and Other
        Required Documents**

Section 1112(b)(4)(F) establishes that cause exists where there is an "unexcused failure to

4

satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter . . . ." 11 U.S.C. §§ 1112(b)(4)(F). Upon the filing of a bankruptcy petition, or within fifteen days thereafter, a debtor must file schedules of assets and liabilities and statement of financial affairs. See 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b)(1).

Here, the Debtor has failed to file the following required documents: Summary of Schedules; Schedules A-H; Statement of Financial Affairs; Statement of Operations; a list of Largest Unsecured Creditors; Balance Sheet; Cash Flow Statement; a List of Equity Holders; federal tax returns; and a corporate ownership statement. Accordingly, cause exists to convert this case to Chapter 7 or to dismiss the case.

## IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting this chapter 11 case to a chapter 7 case or, in the alternative, dismissing this chapter 11 case, pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
      May 6, 2015                          Respectfully submitted,

                                         WILLIAM K. HARRINGTON
                                         UNITED STATES TRUSTEE, REGION 2

By:     */s/ Michael T. Driscoll*
              Michael T. Driscoll
              Trial Attorney
              U.S. Department of Justice
              Office of the United States Trustee
              U.S. Federal Office Building
              201 Varick Street, Room 1006
              New York, NY 10014
              Tel. (212) 510-0538

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                              :
In re                                         :        Chapter 11
                                              :
3920 BWY, REST. INC.,                         :        Case No. 15-10847 (SHL)
                                              :
                             Debtor.          :
                                              :
------------------------------------------------------X

## <u>ORDER CONVERTING CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7</u>

Based upon the hearing held before this Court and the motion of William K. Harrington, the United States Trustee for Region 2, and it appearing that appropriate notice has been given, and cause existing for the relief requested, as set forth in the record of the hearing, it is

ORDERED, that this case is hereby is converted to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b); and it is further

ORDERED, that the Debtor shall file (i) a schedule of unpaid debts incurred after the commencement of the Chapter 11 case within 14 days of the date of this order, and (ii) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5).

Dated: New York, New York
              _____, 2015


              _____
              HONORABLE SEAN H. LANE
              UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
                                                     :
In re                                                :        Chapter 11
                                                     :
3920 BWY, REST. INC.,                                :        Case No. 15-10847 (SHL)
                                                     :
                            Debtor.                  :
                                                     :
-----------------------------------------------------X

### ORDER DISMISSING CHAPTER 11 CASE

Based upon the hearing held before this Court and the motion of William K. Harrington,

the United States Trustee for Region 2, and it appearing that appropriate notice has been given,

and cause existing for the relief requested, as set forth in the record of the hearing, it is

ORDERED, under 11 U.S.C. § 1112(b), that this case is hereby dismissed;

ORDERED, that the Debtor pay to the United States Trustee the appropriate sum

required pursuant to 28 U.S.C. § 1930 and any applicable interest pursuant to 31 U.S.C. § 3717

within ten (10) days of the entry of this order and simultaneously provide to the United States

Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: New York, New York
       _____, 2015


                            _____
                            HONORABLE SEAN H. LANE
                            UNITED STATES BANKRUPTCY JUDGE